*McKenna, J*

UNITED STATES DISTRICT
COURT SOUTHERN DISTRICT
OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/28/2011
```

IN THE MATTER OF THE COMPLAINT OF

ANDREW HARNETT AS OWNER OF VESSEL M/V READY JET GO FOR EXONERATION FROM OR LIMITATION OF LIABILITY,
                    PETITIONER

CaseNo.

06-cv-0699 (LMM)

consolidated with:

06-cv-3061 (LMM)
and

06-cv-3062 (LMM)

## CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

In accordance with Federal Rule of Civil Procedure 26(c), the court hereby enters this Protective Order (this "Order") governing the disclosure, handling and disposition of "Confidential Information" produced by the Runsdorf Claimants (hereinafter referred to as, "Runsdorf") as follows:

**1.  Application.**

1.1.  This Order shall govern any document, information or other material that is designated as containing "Confidential Information" as defined herein, and is furnished in connection with this litigation by the producing parties, whether in response to a discovery request, subpoena or otherwise, to any other person or entity (the "receiving party") regardless of whether the person or entity receiving the "Confidential Information" is a party to this litigation.

2. **Definitions.**

    2.1. **Confidential Information-** "Confidential Information" shall mean and include, without limitation, any information that concerns or relates to confidential and proprietary information, information received in confidence (including without limitation from any government entities), trade secrets, other confidential technical information, research or marketing information, financial records and analyses, agreements and business relationships, non-public commercial, financial, pricing, budgeting and/or accounting information, non-public information about existing and potential customers, marketing studies, performance and projections, non-public business strategies, decisions and/or negotiations, personnel compensation, evaluations and other employment information, and confidentiality proprietary information about affiliates, parents, subsidiaries and third-parties with whom the parties to this action have or have had business relationships. "Confidential Information" shall not include any document, testimony or other information which (i) becomes or is generally available to the public other than as a result of disclosure in Violation of this Order, or (ii) becomes available to a receiving party other than through discovery in this litigation,

    2.2. **Documents.** As used herein, the term "documents" includes all writings, records, files, drawings, graphs, charts, photographs, e-mails, video tapes, audio tapes, compact discs, electronic messages and other data compilations from which information is recorded, and other tangible things subject to production under the Federal Rules of Civil Procedure or Local Civil Rule 26.3(c) of this Court.

3. **Designation.**

    3.1. Good Faith Claims. Claims of confidentiality will be made only with respect to documents, other tangible things, and information that the asserting party in good faith believes are within the definition set forth in paragraph 2.1 of this Order. Objections to such claims made pursuant to paragraph 4 shall also be made in good faith.

    3.2. **Produced Documents.** Copies of documents that the producing party believes constitute or contain Confidential Information shall be marked "CONFIDENTIAL".

    3.3. **Interrogatory Answers.** If a party answering an interrogatory believes that its answer contains Confidential Information, it shall set forth that answer in a separate document that is produced and designated as Confidential Information, in the same manner as a

2

produced document under subparagraph 3.2. The answers to interrogatories should make reference to the separately produced document containing the answer, but that document should not be attached to the interrogatories. No additional time will be given to answer interrogatories containing confidential information by reason of this separate submission.

  3.4. **Inspections of Documents.** In the event a producing party elects to make its documents available for inspection and the requesting party elects to inspect them, no designation of Confidential Information needs to be made in advance of the inspection. During such inspection, all material produced shall be considered Confidential Information. If the inspecting party selects specified documents to be copied, the producing party shall designate Confidential Information, as applicable, in accordance with subparagraph 3.2 at the time the copies are produced. If the inspecting party selects documents to be copied that are stored on electronic, magnetic, optical or other non-paper media, such as compact discs, DVD's, video tapes and audio tapes ("collectively, "data storage devices"), the producing party shall designate the data storage device as containing Confidential Information, as applicable, at the time copies of such data storage devices are produced. If the inspecting party or other persons or entities to whom disclosure is authorized pursuant to subparagraph 6.1 make a copy of any data storage device designated by the producing party as containing Confidential Information, the inspecting party or other authorized person shall mark such copy as containing Confidential Information. If the inspecting party or other authorized person prints out or otherwise makes copies of the confidential documents or information stored on such data storage device, the inspecting party or other authorized person shall mark each page so copied with the legend "CONFIDENTIAL". Where a party authored, owns, or controls a document or information that another party designates as Confidential Information, the party that authored, created, owns, or controls the Confidential Information may designate in accordance with this Agreement and thereafter shall also be considered a designating party for purposes of this subparagraph and subparagraph *42*. Any document on a data storage device not designated "CONFIDENTIAL" shall not be considered to be confidential information.

  3.5. **Deposition Transcripts.** Within thirty (30) days after the receipt of the final version of a deposition transcript, a deponent, deponent's counsel or a producing party may inform the other parties to the action of the portions of the transcript and/or exhibits that they wish to designate as Confidential Information. Until such time has elapsed, deposition transcripts in their entirety and all exhibits shall be treated as containing Confidential Information consistent

with the provisions of this Order. After thirty (30) days, unless there has been such a designation, the confidentiality claim is waived. All parties and deponents in possession of a copy of a designated deposition transcript shall appropriately mark it as containing Confidential Information.

3.6. **Multi-page Documents.** For an integrated multi-page document, including a deposition transcript and interrogatory answers, each and every page that contains Confidential Information shall be labeled as specified in subparagraph 3.2.

4. **Objections to Designations.**

4.1. **Generally.** Any party objecting to a designation of Confidential Information, including objections to portions of designations of multi-page documents, shall notify in writing, the designating party and all other parties of the objection, specifically identifying each document that the objecting party in good faith believes should not be designated as Confidential Information, and providing a brief statement of the grounds for such belief. In accordance with the Federal Rules governing discovery disputes, the objecting and the designating parties thereafter shall confer within seven (7) days after the date of such objection in an attempt to resolve their differences. If the parties are unable to resolve their differences, the parties shall file with the court a joint letter to the Court, asking the Court to determine whether the document shall retain its designaton as Confidential Information. If the objecting party fails to participate in such a joint letter within fourteen (14) days, the objecting party's objection shall be deemed to he waived. If the producing party fails to participate in such a joint letter within fourteen (14) days, the producing party shall be deemed to consent to the removal of the document's designation as Confidential Information.

5. **Custody.** All Confidential Information and any and all copies, extracts and summaries thereof, including memoranda relating thereto, shall be retained by the receiving party in the custody of counsel of record, or by persons to whom disclosure is authorized under subparagraph 6.1.

6. **Handling Prior to Trial.**

6.1. **Authorized Disclosure.** Confidential Information may be disclosed by the receiving party only to the following persons:

    a. Counsel for the parties in this litigation, including their associates, clerks, paralegals, secretarial personnel, and other employees or support staff;

4

    b.    Qualified persons taking testimony involving Confidential Information and necessary stenographic, videotape and clerical personnel;

    c.    Experts and their staff who are consulted by counsel for a Party in this litigation;

    d.    Parties to this litigation; and

    e.    Outside vendors and consultants employed by Counsel or the Parties for copying, scanning and general handling of documents, including the preparation of demonstrative exhibits.

A receiving party may also disclose Confidential Information to the Court supervising this litigation, including judicial staff, in accordance with subparagraph 6.3 of this Order. Confidential Information may only be disclosed for use in this litigation and shall not be disclosed for use in other proceedings or matters unless so ordered by the Court. Disclosure of Confidential Information is authorized only for use in connection with this litigation and shall not be used for any other purpose whatsoever.

    6.2.    **Unauthorized Disclosures.** If Confidential Information is disclosed other than as authorized by this Order, the party or person responsible for the unauthorized disclosure, and any other party or person who is subject to his Order and learns of the unauthorized disclosure, shall immediately bring such disclosure to the attention of the producing party. Without prejudice to other rights and remedies of the producing party, the responsible party or person shall make every effort to obtain the return of the Confidential Information (including, without limitation, from the person to whom the unauthorized disclosure was made and from any other person to whom Confidential Information was directed as a direct or indirect result of the unauthorized disclosure) and to prevent further disclosure on its own part or on the part of any person to whom the unauthorized disclosure was made.

    6.3.    **Court Filings.** In the event any Confidential Information must be filed with the Court prior to the trial, the parties shall cooperate in seeking to resolve disputed issues of confidentiality prior to filing material designated as confidential, by, for example, redaction of the documents or by stipulation of facts. If such issues are not resolved promptly, the parties shall seek direction from Court in a letter.

    7.    **Handling After Disposition.** After the conclusion of this litigation, whether by way of settlement or judgment, the producing party may request that any or all Confidential Information be returned to the producing party or destroyed. The request shall specifically identify the documents or things to be returned if return of less than all Confidential Information

5

is requested. The attorney for each receiving party shall (a) collect and assemble within thirty (30) days all such requested Confidential Information, including all copies, extracts and summaries thereof, including memoranda and notes relating thereto, in the possession of the receiving party, its counsel or other authorized recipients whom that party provided Confidential Information, but not including copies, extracts, summaries or memoranda that contain or constitute attorney work product; and (b) either (i) return such requested Confidential Information to the producing patty; or (ii) destroy such information and certify in writing to each producing party that such requested Confidential Information has been destroyed. If requested by the designating party within ninety (90) days of the conclusion of the lawsuit, all copies, extracts summaries and memoranda that contain or constitute attorney work product shall be destroyed and the attorney for each receiving party shall certify in writing that all such copies, extracts and summaries have been destroyed. Receipt of returned Confidential Information shall be acknowledged in writing if such an acknowledgment is requested. This Protective Order shall survive the final conclusion of the action and the Court shall have jurisdiction to enforce this Order beyond the conclusion of this action. All documents submitted to the Court must be preserved.

8. **No Implied Waivers.** The entry of this Order shall not be interpreted as a waiver of the right to object, under applicable law, to the furnishing of information in response to discovery requests or to object to a requested inspection of documents or facilities. Parties producing Confidential Information in this litigation are doing so only pursuant to the terms of this Order. Neither the agreement to, or the taking of any action in accordance with, the provisions of this Order, nor the failure to object thereto, shall be interpreted as a waiver of any claim or position or defense in this action, or any other actions.

9. **Modification.** In the event any party hereto seeks a Court Order to modify the terms of this Order, said party shall make such request by written stipulation or noticed motion to all parties that must be served and filed in accordance with local court rules.

10. **Care in Storage.** Any person in possession of Confidential

Information produced by another party shall exercise reasonable and appropriate care with regard to the storage, custody, copying, and use of the Confidential Information to ensure that the confidential and sensitive nature of same is maintained.

11. **No Admission.** Neither this Order nor the designation of any item

6

as "Confidential Information" shall be construed as an admission that such material, or any testimony concerning such material, would be admissible in evidence in litigation or in any other proceeding.

12. **Inadvertent Production.** Inadvertent Production of a document

that the producing party believes contains attorney-client communications, attorney work product, or otherwise privileged information shall not constitute a waiver of privilege, and any such document (including copies) shall be returned to the producing party immediately upon their request. This paragraph shall affect the ability of a receiving party to contend that a document was not properly designated as privileged or to contend that a producing party has otherwise waived a privilege.

13. **Parties' Own Documents.** This Order shall in no way restrict the

parties in their own documents and information, and nothing in this Order shall preclude any party from voluntarily disclosing its own documents or information to any party or nonparty.

14. **No Effect on Other Rights.** Except as provided herein, this Order

shall in no way abrogate or diminish any pre-existing contractual, statutory, or other legal obligations or rights of any party with respect to Confidential Information.

15. **Future Parties.** In the event that additional Parties join or are joined

in this litigation or desire to have access to Confidential Information, they shall not have access to such Confidential Information until the additional Party by its counsel has executed and filed with the Court its agreement to be fully bound by this Order.

Respectfully submitted,

By: *[signature]*
Marc Jay Bern (MS 6608)

*Napoli Bern Ripka, LLP; counsel for Runsdorf Claimants*

*350 Fifth Avenue, Suite 7413, NY, NY 10118*

By: *[signature]*
Jacob Shisha (JS 5452)

*Tabak Mellusi & Shisha; co-counsel for Runsdorf Claimants*

29 Broadway
New York, NY 10006

By: *[signature]*
Lawrence B. Bronnan (LB4078)

*Wilson Elser Moskowitz Edelman & Dicker, LLP; counsel for PETER J. SHARP BOATHOUSE AND NEW YORK ROWING ASSOCIATION, INC.*

150 E. 42nd St.
New York, NY 10017
212-490-3000

By: *[signature]*

Michael Stern (MS 9113)

*Rubin Florella & Friedman, LLP; counsel for ANDREW HARNETT*
292 Madison Ave.

New York, NY 10017

## ORDER

Based on the foregoing and good cause appearing therefore, IT IS SO ORDERED, this  27 day of  MARCH, 2011.

_____
HON. LAWRENCE M. McKENNA

Copies to:

Marc Jay Bern
Napoli Bern Ripka, LLP
350 Fifth Avenue, Suite 7413
New York, NY 10118

Lawrence B. Brennan
Wilson Elser Moskowitz Edelman & Dicker, LLP
150 E. 42nd St.
New York, NY 10017

James M. Mercante
Rubin Fiorella & Friedman, LLP
292 Madison Ave.
New York, NY 10017

Jacob Shisha
Tabak Mellusi & Shisha
29 Broadway
New York, NY 10006